IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEADORA KING, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant | No. C-08-0999 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING**<br><br>(Docket Nos. 15, 38, 40) |

Before the Court is plaintiff's Motion to Remand, filed March 5, 2008, and thereafter re-noticed for hearing subsequent to reassignment of the above-titled action to the undersigned. Defendant has filed opposition, to which plaintiff has replied.[1]

Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see

---

[1] Following the close of briefing, defendant filed a request for judicial notice of two documents: (1) a court transcript of proceedings held on March 28, 2008 in In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practice Litigation, Case No. 4:08-md-1907 ERW, in the Eastern District of Missouri, and (2) plaintiff's Memorandum of Law in Support of Her Motion to Vacate Conditional Transfer Order, filed April 11, 2008 with the Judicial Panel on Multidistrict Litigation, with respect to MDL Case No. 1907. Thereafter, plaintiff sought leave to file a proposed Response to defendant's request for judicial notice. Defendant's request for judicial notice and plaintiff's request to file her Response are hereby GRANTED. The Court, however, finds the information and argument contained in said filings is not relevant to its analysis of the issue addressed herein.

Civil L.R. 7-1(b), hereby VACATES the April 25, 2008 hearing on the matter, and rules as follows.

1. Contrary to plaintiff's argument, a class defined as: "All persons in the State of California who purchased organic milk or milk products from Safeway during the time period of December 5, 2003 through October 15, 2007," (see Compl. ¶ 33), is not a class limited to California citizens. See, e.g., McMorris v. TJX Companies, Inc., 493 F.Supp.2d 158, 162-63 (D. Mass. 2007) (finding, "by definition," class of "residents of Massachusetts" who engaged in transactions in defendant's stores "may include foreign citizens who resided in Massachusetts during the defined period"; holding "[t]his suffices to support the assertion of federal jurisdiction"); Larsen v. Pioneer Hi-Bred Int'l, Inc., 2007 WL 3341698 at *5 (S.D. Iowa 2007) (finding class of "[a]ll persons and entities in the state of Iowa" who purchased certain seed products was not limited to citizens of Iowa).

2. Contrary to plaintiff's argument, plaintiff's allegation that the instant action is not subject to removal under the Class Action Fairness Act of 2005 ("CAFA") "because the members of the Plaintiff Class are citizens of the same state, California, as Defendant," (see Compl. ¶ 8), does not serve to further limit or define the class; rather, as defendant points out, such allegation constitutes plaintiff's legal "interpretation" of the class definition, (see Def.'s Opp'n at 6:20), which interpretation, as set forth above, the Court has declined to adopt.[2]

3. Based on the class definition, coupled with defendant's evidence that defendant "has many stores in California which are close to, or encroach upon, the borders of other

---

[2] Plaintiff's reliance on Roche v. Country Mutual Insur. Co., 2007 WL 2003092 (S.D. Ill. 2007), is unavailing, as defendant therein did not dispute that the proposed class, "licensed healthcare providers in Illinois," was limited to Illinois citizens. See id. at *2 n.4. Additionally, the class at issue in Roche, as distinguished from the class herein, was not comprised of members of the general public and, on the evidence presented therein, did not give rise to an inference that it included medical practitioners who were citizens of states other than Illinois.

states," (see Notice of Removal Ex. 3 (Declaration of Laura A. Donald) at 1:12-13),[3] and the absence of any evidence that the purchasing habits of the citizens of such other states differ in any manner from those of California citizens, the Court finds defendant has met its burden of showing it is "more likely than not" that the putative class includes at least one individual who is a citizen of a state other than California or Delaware, the states of which defendant is a citizen. See, e.g., Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006) (holding defendant removing under CAFA must establish diversity jurisdiction by a "preponderance of the evidence") (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Sanchez, 102 F.3d at 404 (defining "preponderance of the evidence" as "more likely than not"); cf. McMorris, 493 F.Supp.2d at 164 (finding "reasonable probability" that class defined as "residents of Massachusetts" included at least one member domiciled in a state other than Massachusetts or Delaware (citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2nd Cir. 2006))); Larsen, 2007 WL 3341698 at *5 (observing "[i]t is almost certain" that class of "all persons and entities in the state of Iowa" who purchased subject seed products from defendant included at least one out-of-state citizen).[4]

    4. Lastly, plaintiff fails to meet her burden of showing the exception provided in 28 U.S.C. § 1332(d)(4)(B), the "home-state controversy" exception, is applicable. See 28 U.S.C. § 1332(d)(4)(B) (providing district court shall decline jurisdiction when two-thirds or more of class members are citizens of state in which action filed); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023-24 (9th Cir. 2007) (holding party opposing removal bears burden

---

[3] To the extent such declaration is offered as direct evidence of the citizenship of defendant's customers, however, the declaration fails to set forth a sufficient foundation for declarant's knowledge of such citizenship.

[4] Plaintiff's reliance on Sundy v. Renewable Environmental Solutions, LLC, 2007 WL 2994348 (W.D. Mo. 2007), likewise in unavailing. The class defined therein, persons who "own or occupy, or owned or occupied, residential property" in a defined area of Carthage, Missouri, see id. at *1, is far more restrictive than the class proposed herein, which, given the nature of the product purchased and the type and location of retail establishments from which such purchases were made, is "almost certain," see Larsen, 2007 WL 3341698 at *5, to include citizens of neighboring states, as well as visitors who are citizens of other states.

of showing "home-state controversy" exception applies). Plaintiff's argument in support of such application rests on the erroneous assumption that the class herein is defined to include only California citizens and, as such, necessarily includes the requisite percentage of California citizens. (See Mot. at 9:3-6; Reply at 8:20-22.)

Accordingly, for the reasons stated, plaintiff's motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2008

MAXINE M. CHESNEY
United States District Judge